## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,     )
          )
      Plaintiff-Respondent,     )
          )
vs.          )     Case No. CR-00-44-M
          )          (CIV-05-134-M)
JAMES PAUL McCASLIN,     )
          )
      Defendant-Movant.     )

## ORDER

Defendant-Movant James Paul McCaslin ("McCaslin"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 3, 2005.  On March 25, 2005, plaintiff-respondent United States of America filed its response to McCaslin's motion.  On April 6, 2005, McCaslin filed his reply.

On November 14, 2000, pursuant to a plea agreement, McCaslin entered a guilty plea to Counts 4 and 5 of the Superseding Indictment.  Count 4 charged McCaslin with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and Count 5 charged him with possession with intent to distribute approximately 10.2 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

On June 7, 2001, McCaslin was sentenced.  No objections to the Presentence Report were lodged by either McCaslin or the government.  The Court sentenced McCaslin to 60 months' incarceration on Count 4 and 202 months' incarceration on Count 5, to be served consecutively.  McCaslin did not appeal his sentence or conviction.

McCaslin moves the Court to reduce his sentence in light of the United States Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  *Booker*, however, "does

not apply retroactively to criminal cases that became final before its effective date of January 12, 2005." *United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005).  In the case at bar, this Court entered judgment on June 8, 2001, and McCaslin did not pursue a direct appeal.  Thus, his conviction and sentence became final following the ten day window to appeal his case to the Tenth Circuit, or June 18, 2001.  *See* Fed. R. App. P. 4(b)(1)(A).  Accordingly, McCaslin's case was "final" approximately three and a half years before the Supreme Court decided *Booker*.  McCaslin, therefore, may not raise his *Booker* claim in the instant Section 2255 motion.

Accordingly, for the reasons set forth above, the Court DENIES McCaslin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 21st day of December, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

2